Good morning, Your Honors. I'd like to get right to the point and discuss what was raised as my first issue in this case, because the second issue, of course, we realize is foreclosed by NYSERDA authority at the moment. However, we wish to preserve that for further review. So focusing specifically on the Oregon revised statute, our argument is that without consent does not mean without force. In looking at the guideline for 2L2.1, what's a crime of violence is described very specifically as a forcible sex offense, sex abuse of a minor, etc. This particular statute, the Oregon revised code, I guess it's 163.425, is not a forcible sex offense. And I think if looking at the excerpt of record on page 1, it makes very clear the Oregon statutes and how those are organized. If you look at what Mr. Beltran-Manguia was originally charged with, he was originally charged with something, a rape in the first degree, which was with forcible compulsion. How do you get around, it seems to me that in Riley, we were addressing the concern that all non-consexual sex cases involving risk of harm to the victim, even though there may not be in a particular case any evidence that, you know, force beyond that required for penetration is sufficient? I'm referring to sexually transmitted diseases, risk of pregnancy. And it seems to me that that, if that is the distinguishing feature here, then virtually any non-consexual sex offense ought to be, under the guidelines, subject to the enhancement. Your Honor, I think the way I would answer that question is by looking at the complete text of the Oregon revised statute, discusses that things that would fall under sexual abuse second degree include deviant sexual intercourse and also penetration with an object other than a penis or a mouth. Isn't the real problem that Riley was not going to, was construing the phrase serious risk of physical injury, which is not in this guideline? Right. And that's not in this guideline. The Oregon statute has broader, broader language than what would be a forced sex offense. No. I'm trying to say it's construing a different guideline than was involved in Riley. Well, that's correct also. It's a different guideline. Specifically, 2L2.1 says forcible sex offense. And it says, and the catch-all is something like force or threat of force. It's not serious risk of physical injury. That's correct. But why should the rule be any different? Why shouldn't it be consistent? If we're talking about enhancing a sentence because of a risk of harm to the victim, what difference does it make that the language is slightly different from one sentencing enhancement provision to another? If the policy of the law is to punish a sex offender more severely because of the risk of harm, then what difference does it make? Well, I think it makes a difference because when the guidelines are written a certain way, they're written for different sections. Different definitions exist for a reason. I guess that would be my answer to that. But you're talking about a generic enhancement question that the district court must wrestle with. Does this offender deserve to be punished more severely because of the risk of harm that was posed by his behavior? And does that require, as Judge Berzon suggested in her question, that the text of the guidelines specifically include the language about harm if what we're really talking about here are Well, I don't think necessarily we are talking about generic sexual offenses. And the reason I say that is because it says specifically forcible sex offense or the catch-all provision. But it includes sex with a minor, which, by definition, may not require more than the force necessary for actual penetration. That's true. But under the sexual offense of a minor, if we look at the recent cases of Lopez, Solis by this Court, and also Baza Martinez, those discuss specifically the differences between abuse and force. But we know that this didn't occur with a minor. Right. So a modified categorical approach, that's a given, right? Right. We're just back to the question of whether what is the generic definition of rape? I mean, it just seems almost ridiculous to me to think that rape doesn't, non-consensual rape does not involve physical force. Well, Your Honor, this isn't a definition of rape. It's abuse. Under the Oregon statute, there is definite rape, which is kind of the first category and the second category. Well, I understand. So if you've got forcible compulsion, you're going to get a higher order of magnitude for punishment and for conviction. But why, in your view, is it not always the case that rape involves physical force? Under this statute, I believe that it doesn't, that abuse could happen in this case without any force whatsoever. Without consent could mean that a person is intoxicated, that they're unable to consent for some other reason. Obviously, sometimes consent can mean with a minor. That's not specifically in this case. But okay, that's fine. So my question is, how can the rape occur without physical force? A person can be out completely blotto, but how can the rape occur without physical force? Well, because the person, in this case, Mr. Beltran-Munguia, pled guilty to a sexual abuse. Abuse, I think, under the definition, is different than rape. I'm sorry. Does the person have to be completely out, or can the person be sort of apparently consensual but not competent? Yes. I think that that would be encompassed without consent. Drunk, for example. Yeah. For example, if someone were to be intoxicated, if they were unable to consent for some reason. So that would cover statutory rape. Right. That could be a statutory rape because of age. It also declares that the victim is unable to give lawful consent. Unable. Right. And I think that that's why I say there's a difference between without consent and with force versus without consent. I think I better save the rest of my time for a moment. Thank you. Good morning, Your Honors. Pamela Byerly on behalf of the United States. Your Honor, I look at the Oregon Statute 163425, sexual abuse second degree, and the definition of crime of violence under 2L1.2, application note BIII, and the government is contending that this statute defines a forcible sex offense. If you look at the statute of the United States, and I'm not contending that it's within the second phrase, i.e., use, attempted use, or threatened use of physical force. I'm sorry. You are not contending that it fits within the second phrase, use, attempted use, or threatened use of physical force. Actually, I am on that as well, Your Honor, and I'll explain why. In the first of the first No, in Riley, the government conceded that the rape did not fit within 4B1.2A1, which was the same language, use, attempted use, or threatened use. It instead relied on the serious risk of physical injury to another, which appears in 4B1.2, but not in this one. Well, that's yes. So you're taking a different position than you did in Riley. Yes, Your Honor. In this particular case, when I look at this statute, when you look at the definition of the statute, and actually read the statute, you're talking about a person subjecting another person. So that word subjects brings out to me another person to a sexual act. That act would be sexual intercourse or penetration with an object, a penetration of vagina, anus, or penis with an object. And then you couple that with the victim does not consent. I understand why the judge had little to say, except that this would appear to be a force of no sense offense. And I guess when my colleague talks about that there can be not be consent because of a person being intoxicated, the government's position is that would be even more egregious, that there are guidelines that show vulnerable victims. It may be egregious, but the question is whether it's within the language of this section. Your Honor, I just cannot see how, if you have a person subjected to intercourse, either by penis or object or whatever, and no consent, how it cannot be forcible. There is force involved in the act of just committing the penetration. But as I understand the statute, the person can be physically cooperating, but not capable of consent. Is that incorrect? Well, if they physically cooperate, it's without – I don't understand how they're And so if somebody's intoxicated, mentally defective, you know, are otherwise incapable of consent. Well, then we get into, of course, some of our cases in which the Castro-Baez case, in which rape can be accomplished based on someone impaired by drugs or trickery, but that is still – my contention is this is rape. I know it's a second-degree crime. But the statute doesn't say rape. The statute says forcible sexual offense. When I look at the definition, Your Honor, a person subjected by another person to a sexual act, and the person doesn't consent, I cannot fathom how that cannot be a forcible sexual offense. That's the government's position. The Fifth Circuit has decided otherwise. You know that, in a very similar context. And you think they're wrong? It's the government's opinion, again, that this conduct under this statute does – is a forcible sexual offense. Well, the Fifth Circuit, in one of the cases, the government didn't raise the argument. In the other case, in fact, in both situations, the statute involved a required assent rather than consent, which was interpreted as employing something different. So actually, they're not very persuasive anyway. Are there any other questions? That is the government's. Is it the government's? Was the nod an answer? It's just like the silent yes at the deposition. I see your head going up and down, but I didn't see your lips move. Do you agree with what Judge Reimer said or not? Yes. Okay. Do you – is it your position, as Judge Tomlin suggested, that the two guidelines sections are to be interpreted – are the same even though they read differently? Yes, Your Honor. So the fact that one says risk of physical injury and the other one says use of force doesn't matter. They're both the same. Well, the risk of force is inherent – or the risk of bodily injury is inherent in this particular statute. I'm not sure that answers Judge Versailles' question. My concern with this case comes strictly from Riley. What I understand Riley to be saying is that the use of force in what is, I guess in this case, a simple rape can be accomplished either by something that the perpetrator does to the victim or the potential harm to the victim that arises from the risk of the behavior sexually transmitted diseases, pregnancy, the non-consenting victim awakens from a drunken or drug-induced stupor and forcibly resists. And for that reason, the Court in Riley looked at this first clause, forcible sex offense, and said this is a forcible sex offense because it has the potential by virtue of the behavior of the perpetrator of having – and that's beyond just the mere penetration. Am I misreading Riley? Thank you, Your Honor. That would be my interpretation of Riley as well that I did not articulate very well. Yes. So that is where we're at with Riley. Also, if you even go into the modified categorical analysis, you have a number of documents that the Court had access to which deals with, again, a person engaging in sexual intercourse with an adult without her consent. That's on excerpt of Record No. 1. There also, the Court had before it the fact that defendant had been notified to register as a sex offender, something that the Court could consider, order of HIV testing, as well as the defendant was looking at five years maximum imprisonment under the judgment. Now, what is pertinent about any of that with regard to whether this was a forcible sexual offense as opposed to a sexual offense? We know it was a sexual offense, but what – how does any of that tell us anything about whether it was a forcible sexual offense? Your Honor, in the – again, I guess – and I see where the Court is coming from. I just – I guess I respectfully disagree that if there is an engaging in sexual intercourse without consent, and I understand the Court's position, again, under Riley, there is a potential for harm at any point where someone is not consenting, that – But potential for harm isn't the standard under this guideline. It's the standard under the other guideline. It's whether there was a use of force or a threatened use of force. And the government in the other case conceded there wasn't. Now you're telling us there was. Your Honor, in this case, there is some type of force used to engage in sexual intercourse. I – and I apologize to the Court for not articulating any better. Well, you – it seems to me that the cases discuss two types of force, do they not? One is the force that is necessarily inherent in the physical act of penetration. Correct, Your Honor. But Riley goes beyond that. There's another type of force that is inherent in forcible sex offense, which is the phrase that appears in most of the guidelines provisions, and that is the risk of sexually transmitted diseases that the victim will resist, et cetera, pregnancy. Right? So if Riley is correct in interpreting forcible sex offense to mean either physical force employed by the perpetrator or the risk of force that is inherent in non-consensual sex, then that is where Riley controls and we follow Riley. That would be the government's position, Your Honor. And my time is up. Thank you. Ms. Moran. Riley was interpreting 4B1.1, as we've discussed. 4B1.1 includes that first clause, does it not, forcible sex? It does, but it also includes the potential harm clause that is absent from 2L1. Was Riley interpreting the forcible sex part of 4.1, 4B.1.2, or was it explicitly not construing that and construing the catch-all phrase? I — my understanding is that Riley's construing the catch-all phrase. When you talk of STDs and pregnancies, those to me are all potential risk sort of things that are out there. Those are things that if somebody actually knows, for example, they have HIV and commits an offense, under most statutes in most states that's a separate offense than, for example, the potential risk that Riley's talking about. Is there any particular language in Riley that says we're only interpreting one but not the other? Not that I recall off the top of my head. Judge Riley's saying while simple rape is potentially of a different order than the forcible rape, which the commentary to 4. — 4B1.2 explicitly considers and then has a footnote which has the same language, including forcible sex offenses, it remains an event no less serious and potentially dangerous than larceny, child stealing, or kidnapping. In other words, it's saying it's not within the per se provisions, but it is within the catch-all. Is that what that means? Is that how you read that, too? Well, that's how I read that. You know, and I would say that that's why when the Court brings up things like STDs or pregnancy, that's a potential risk that's out there, but that's not actually, in fact, a risk or an element of risk. The 2L2.1 guideline is very clear. It doesn't have that section about potential risk. Wholly apart from Riley. Forget it. It's off the books. It doesn't exist. It's wholly apart from Riley. Even on your take that one can — a person can be so out of it that they can't consent, why isn't this threat of force inherent in the act? Because I think — Because the person might suddenly come to. Well, that's assuming, I suppose, that the consent or the lack thereof is from intoxication and there is some sort of overcoming of a will or something. If you look at a situation, for example, of someone that perhaps has a below-80 IQ, they're incapable of legal consent in that kind of arena. Or their age or something like that makes — Aren't we just getting out into Never Never Land? Right. And that's why I think under Taylor and Shepard, we don't go there. We look at what the statute says and we look at the papers under the modified categorical approach that — But the papers don't really help us very much, do they? No, they don't. I mean, it doesn't tell us anything. He didn't plead to count two, which says that he used forcible compulsion — Right. — to commit the offense. We can't look at that because he didn't plead to that. And in fact, if you look in the excerpt of the record, he pled to that — to the indictment that's basically crossed out the forcible compulsion. I think that says everything right there, that the forcible — What does forcible compulsion mean? That means that there is force involved, that the person — Well, sure. But what does it mean? There's force involved in any nonconsensual sex. I mean, I'm not an engineer, but. So the question is, what's the difference between that level of force, which presumably you're saying is okay, and forcible compulsion? Which isn't. I think that the statute scheme in Oregon, like a lot of states, is designed in sort of a pyramid, where at the top you have an aggravated sexual offense. What's the definition of forcible compulsion? I don't know how exactly Oregon defines that. Well, okay. I can't answer that. All right. Thank you, counsel. The matter just argued will be submitted.
judges: Rymer, Berzon, Tallman